HATTIE ELLIS v. THE STATE.

No. 15634. Delivered February 15, 1933.
Reported in 57 S. W. (2d) 170.

The opinion states the case.

*Plotnick & Kolker,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for a period of thirty years.

The evidence for both the state and the accused shows that the deceased was shot and killed by the appellant. A number of eyewitnesses testified for the state. According to their testimony, if true, the guilt of the appellant of murder with malice is not open to serious question. By the testimony of the appellant and some of her witnesses, the theory of self-defense was presented; also that the appellant acted upon communicated threats alleged to have been made by the deceased. The issues of fact were submitted to the jury in an instruction, the accuracy of which is not called in question by the appellant.

Bill of exception No. 1 complains of the introduction in evidence by the state, through the witness, Hazel Campbell, the purported declaration of the deceased, as follows: "After the

shooting I called the ambulance; I went on down to the house and met two more people; I don't know who they were, and me and them put this girl to bed, and she says, 'Hazel I'm not going to live over this, I know I'm going to die,' and she says, 'I was looking for J. D. Echols to come and get me and let me get my dollar, but I didn't know I was going to die over my cold blood."

Against the declaration the objection was made that it was hearsay, that it did not comport with the element of a dying declaration in that there was a failure to show that the deceased was conscious of approaching death, and that the declaration was voluntary. In qualifying the bill, the court states that the statement was res gestae of the homicide. There was no exception to the court's statement, and its binding effect upon this court is manifest.

Bill No. 2 complains of the court's refusal to receive certain testimony of the state's witness, Daisy Thomas, who stated that she was acquainted with the deceased, and who was asked the following question: "Do you know if her husband was ever shot?" The objection was sustained. Appellant excepted upon the ground, as stated in the bill, that by the introduction of said testimony she would have shown that the deceased was a woman of bad reputation and that she had theretofore shot her husband and inflicted serious wounds upon him. There is nothing in the question to indicate that the answer to it would reflect upon the reputation of the deceased, and the fact that she had shot her husband would not have been relevant unless that fact had been known to the appellant. There is nothing in the bill to show that the appellant knew that the deceased had shot her husband. The bill did show that there was evidence that deceased had said that "she would get the defendant." Whether that was communicated or not is not disclosed by the bill. However, granting that it had been disclosed, it would not have been the basis for the introduction of a specific act of the deceased in shooting her husband, unless, as above stated, there was shown in the bill that the appellant had knowledge of the alleged fact.

Bill of exception No. 3 deals with proffered testimony on the same subject as that dealt with in Bill No. 2.

In Bill No. 4, it is stated that in his closing argument, state's counsel said: "All of those colored people back there (referring to the back of the court-room) are here to see what kind of laws we have and how they are being enforced. Gentlemen, are you going to show them what the law is in Dallas County?"

The court instructed the jury to disregard the remarks. We take note of the fact that the bill fails to show that there were any colored people present in the courtroom further than what might be inferred from the language quoted above.

Bill No. 5 is simply a complaint of the overruling of the motion for new trial upon the ground that the verdict is excessive.

Finding no error, the judgment is affirmed.

*Affirmed.*